# KUNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### WACO DIVISION

| | |
|---|---|
| **ECEIPT LLC,** | |
| Plaintiff | **Case No. 6:19-cv-00283** |
| v. | **JURY TRIAL DEMANDED** |
| **KENDRA SCOTT, LLC,** | |
| Defendant | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff eCeipt LLC ("Plaintiff" or "eCeipt") hereby asserts the following claims for patent infringement against Defendant Kendra Scott, LLC ("Defendant" or "Kendra Scott"), and alleges, on information and belief, as follows:

### THE PARTIES

1.      eCeipt is a limited liability company organized and existing under the laws of the Texas with its principal place of business at 17330 Preston Road, Suite 200, Dallas, Texas 75252.

2.      Defendant is a Delaware corporation with a principal place of business located at 3800 N. Lamar Blvd., Suite 400, Austin, Texas 78756.

### JURISDICTION AND VENUE

3.      This action arises under the patent laws of the United States, 35 U.S.C. § 1, *et seq.* This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

4.      Defendant has committed acts of infringement in this judicial district.

5.      Defendant has a regular and established place of business in this judicial district at 3800 N. Lamar Blvd., Suite 400, Austin, Texas 78756.

6.      On information and belief, the Court has personal jurisdiction over Defendant because Defendant has committed, and continues to commit, acts of infringement in the state of Texas, has conducted business in the state of Texas, and/or has engaged in continuous and systematic activities in the state of Texas.

7.      On information and belief, Defendant's instrumentalities that are alleged herein to infringe were and continue to be used, imported, offered for sale, and/or sold in the Western District of Texas.

8.      Venue is proper in the Western District of Texas pursuant to 28 U.S.C. § 1400(b).

## THE PATENT-IN-SUIT

9.      On February 4, 2014, United States Patent No. 8,643,875 (the "'875 patent"), entitled "Receipt Handling Systems, Print Drivers And Methods Thereof," was duly and lawfully issued by the U.S. Patent and Trademark Office. A true and correct copy of the '875 patent is attached hereto as Exhibit A.

10.     As explained in the '875 patent:

> In a conventional case of purchasing at a store location, when a customer makes a purchase, a receipt is printed and handed to the customer after the purchasing transaction is complete. Often, customers may quickly throw away the receipts, creating unnecessary waste. Or, customers may misplace their receipts. Later, when the receipt is required, such as for a return, the customer can't find the receipt when it is needed.

> In the conventional case of purchasing online, when a customer makes a purchase, a receipt may be e-mailed to the customer and/or the customer may print a receipt on the printer associated with the customer's computer.

> In the related art, when a customer makes a purchase at a store location, a receipt is e-mailed to an e-mail address of the customer.
>
> There is a need for improved systems that avoids the waste associated with unwanted receipts, that e-mails a receipt to a customer, that allows a customer to obtain a printed receipt at the store location and that enables marketing capabilities associated with e-mailed receipts and any associated analytics.

Ex. A at 1:15-35.

11.     To solve this need for improved systems, the inventors of the '875 patent had to create a method for a point-of-sale ("POS") system to use, and the method had to be able to be implemented on various existing POS systems. *Id.* at 4:19-22. In other words, the inventors had to devise a receipt handling system that could be used with existing POS systems to technologically improve them to obviate their shortcomings identified above.

12.     The claims of the '875 patent describe an approach to accomplishing a specific, practical, and useful improvement to the existing computer-aided processes used for "receipt handling systems, print drivers and methods thereof that substantially obviate one or more of the problems due to limitations and disadvantages of the related art." *Id.* at 1:39-42. The computer-implemented methods are used to perform a distinct process to provide a person with the option of having his or her receipt printed at the store location, e-mailed or both, and then having the receipt e-mailed to him or her if that option is selected.

13.     The '875 patent's claimed inventions' incorporation of providing the option to print the receipt at the store location or e-mail the receipt to the customer, and then, if the option to e-mail the receipt was selected, transmitting image data from the POS system at a store location, the image data representing a receipt corresponding to the purchasing transaction of the customer at the store location, and the transaction data to a server in

communication with the POS systems at the store location, including generating a data file, the data file including the transaction data, the correct e-mail address of the customer and a file name corresponding to the image data improved the existing technological process by allowing the automation of further tasks, such as assigning an e-mail template based on the data file transmitted to the server and sending an e-mail to the correct customer e-mail address, wherein the content of the email is based on the assigned e-mail template, where the e-mail provides the image data obtained by the server.

14.     The '875 patent's claims aid in the technological goal of giving customers the option to have receipts printed at the store or e-mailed or both and then adhering to the customers' selections. These are not claims that contain mere token references to a computer or its use; instead, these claims are explicitly tied to computers. Indeed, the claims are tangible, each covering an approach to receipt handling systems used by POS systems, which is a specific technological process.

15.     The claims of the '875 patent improve the functioning of a POS system. The '875 patent is directed to computer-centric problems of POS systems not being able to provide the option to customers to have receipts printed at the store or e-mailed or both, and then follow the customers' selections. *Id.* at 1:15-35.

16.     The technology disclosed in the '875 patent may be configured, designed, and/or operable to provide a number of different advantages and/or benefits over the prior art. As described in the specification,

> [T]he present invention is directed to receipt handling systems, print drivers and methods thereof that substantially obviate one or more of the problems due to limitations and disadvantages of the related art.

An advantage of the present invention is to provide receipt handling systems, print drivers and methods capable of reducing production of waste paper.

Another advantage of the present invention is to provide receipt handling systems, print drivers and methods capable of e-mailing a receipt to a customer.

Yet another advantage of the present invention is to provide receipt handling systems, print drivers and methods that allow a customer to obtain a printed receipt at the store location.

Yet another advantage of the present invention is to provide receipt handling systems, print drivers and methods that enable marketing capabilities associated with e-mailed receipts and any associated analytics.

*Id*. at 1:39-55.

17.     eCeipt is the assignee and owner of the right, title and interest in and to the '875 patent, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

## <u>COUNT I – INFRINGEMENT OF U.S. PATENT NO. 8,643,875</u>

18.     eCeipt repeats and realleges the allegations of paragraphs 1 through 17 as if fully set forth herein.

19.     Claim 1 of the '875 Patent recites:

1. A method of processing receipts, comprising:

[a]     obtaining transaction data from a point-of-sale (POS) computer system at a store location, the transaction data including a plurality of categories of information necessary to describe a purchasing transaction of a customer at the store location;

[b]     obtaining image data from the POS system at a store location, the image data representing a receipt corresponding to the purchasing transaction of the customer at the store location;

[c]    obtaining an e-mail address of the customer from a customer information database persistently associated with the POS system;

[d]    providing, to a display device at the store location, an option to print the receipt at the store location and an option to e-mail the receipt to the customer;

[e]    obtaining a selection of at least one of the provided options;

[f]    if the option to print is selected, initiating printing of the image data at the store location; and

[g]    if the option to e-mail is selected, e-mailing the receipt to the customer, including:

>    [g1]    providing the e-mail address obtained from the customer information database to a display device at the store location;

>    [g2]    obtaining customer confirmation whether the e-mail address is correct;

>    [g3]    if the e-mail address is not correct, obtaining a corrected e-mail address of the customer;

>    [g4]    transmitting the image data and the transaction data to a server in communication with one or more POS systems at one or more store locations, including generating a data file, the data file including the transaction data, the correct e-mail address of the customer and a file name corresponding to the image data;

>    [g5]    assigning an e-mail template based on the data file transmitted to the server; and

>    [g6]    sending an e-mail to the correct customer e-mail address, wherein the content of the email is based on the assigned e-mail template, where the e-mail provides the image data obtained by the server.

20.    Without license or authorization and in violation of 35 U.S.C. § 271(a), Defendant has infringed and continues to infringe the '875 patent by making, using, importing,

offering for sale, and/or selling computer implemented methods for processing receipts

that obtain transaction data from a point-of-sale (POS) computer system at its stores:





21.    As exemplified below, Defendant performs each step of Claim 1 of the '875 Patent:

*[a]      obtaining transaction data from a point-of-sale (POS) computer system at a store location, the transaction data including a plurality of categories of information necessary to describe a purchasing transaction of a customer at the store location;*

22.    Defendant obtains transaction data from a POS computer system at a store location. The transaction data includes a plurality of categories of information (e.g. item description, price, store location, etc.) necessary to describe a purchasing transaction of customer at a store location.



*[b]    obtaining image data from the POS system at a store location, the image data representing a receipt corresponding to the purchasing transaction of the customer at the store location;*

23.    Defendant obtains image data (e.g. information used to create a receipt, such as a barcode) from the POS system at a store location representing a receipt corresponding to the purchasing transaction of the customer at the store locations (e.g. the image data used to create the receipts of the transaction).



*[c]    obtaining an e-mail address of the customer from a customer information database persistently associated with the POS system;*

24.    Defendant obtains an e-mail address from the customer information database persistently associated with the POS system. Shown below, the customer's email address has been retrieved from a database and displayed on the POS system.



*[d]      providing, to a display device at the store location, an option to print the receipt at the store location and an option to e-mail the receipt to the customer;*

25.    Defendant provides an option to print the receipt at the store location and email the receipt to the customer. If a user selects "yes" the receipt is emailed to the customer. If the user selects "print only" the receipt is printed.



*[e]      obtaining a selection of at least one of the provided options;*

26.    The Defendant POS system is operable to obtain a selection of the provided options.



*[f]      if the option to print is selected, initiating printing of the image data at the store location; and*

27.    If a user selects "print only", the image data is printed at the store location.



*[g]      if the option to e-mail is selected, e-mailing the receipt to the customer, including:*

28.    If the user selects "email and print" the receipt is emailed to the customer.





*[g1]     providing the e-mail address obtained from the customer information database to a display device at the store location;*

29.    The Defendant POS system provides the customer email address to a display device at the store location.



30.

*[g2]   obtaining customer confirmation whether the e-mail address is correct;*

31.    The Defendant POS system is operable to obtain customer confirmation whether the e-mail address is correct.



*[g3]   if the e-mail address is not correct, obtaining a corrected e-mail address of the customer;*

32.    If the e-mail address is not correct, the Defendant POS system is operable to obtain a corrected e-mail address.



*[g4]   transmitting the image data and the transaction data to a server in communication with one or more POS systems at one or more store locations, including generating a data file, the data file including the transaction data, the correct e-mail address of the customer and a file name corresponding to the image data;*

33.    Defendant transmits the image data (e.g., data used to create a receipt image, including but not limited to a barcode) and the transaction data (e.g., categories of information necessary to describe a purchasing transaction) to a server in communication with the POS system (the receipt is emailed immediately, thus a server must be connected to the POS system).



34.     Defendant generates a data file that includes the transaction data (e.g., categories of information necessary to describe a purchasing transaction) the correct email address of the customer and a file name corresponding to the image data. (e.g., the barcode's file name).



*[g5]    assigning an e-mail template based on the data file transmitted to the server; and*

35.    The Defendant POS system assigns an e-mail template based on the data file transmitted to the server.



*[g6]    sending an e-mail to the correct customer e-mail address, wherein the content of the email is based on the assigned e-mail template, where the e-mail provides the image data obtained by the server.*

36.    Defendant sends an email to the correct customer email address and the content of the email is based on the assigned e-mail template (e.g., HTML template shown in previous slide) and the e-mail provides the image data obtained by the server (e.g., the information used to create a receipt image).

37.    eCeipt is entitled to recover from Defendant the damages sustained by eCeipt as a result of Defendant's infringement of the '875 patent in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court enter judgment against Defendant:

WHEREFORE, eCeipt requests that this Court enter judgment against Defendant as follows:

A.    An adjudication that Defendant has infringed the '875 patent;

B.    An award of damages to be paid by Defendant adequate to compensate eCeipt for Defendant's past infringement of the '875 patent and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C.    A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of eCeipt's reasonable attorneys' fees; and

D.    An award to eCeipt of such further relief at law or in equity as the Court deems just and proper.

## **<u>JURY DEMAND</u>**

Plaintiff demands trial by jury, Under Fed. R. Civ. P. 38.

Dated:  April 29, 2019                          Respectfully Submitted

                                                */s/ Raymond W. Mort, III*
                                                Raymond W. Mort, III
                                                Texas State Bar No. 00791308
                                                raymort@austinlaw.com

                                                **THE MORT LAW FIRM, PLLC**
                                                100 Congress Ave, Suite 2200
                                                Austin, Texas 78701
                                                Tel/Fax: (512) 865-7950

                                                **ATTORNEYS FOR PLAINTIFF**